UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS – HOUSTON DIVISION

| | |
|---|---|
| JANLLYN M. BARNES § <br> § <br> Plaintiff, § <br> § <br> § | CIVIL ACTION NO. _____ |
| v. § | JURY |
| § <br> WANZEK CONSTRUCTION, INC. § <br> § <br> § <br> Defendant. § | |

**PLAINTIFF'S ORGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Janllyn M. Barnes complains of Defendant Wanzek Construction, Inc., and would respectfully show this Honorable Court as follows:

**PARTIES**

1. Plaintiff Janllyn M. Barnes is a resident of Texas.

2. Defendant Wanzek Construction, Inc., ("Defendant) is a Florida corporation licensed to do business in the State of Texas and actively engages in business in Texas. Defendant may be served with process and a copy of Plaintiff's Original Complaint through its agent for service of process: Corporation Service Company, 211 E 7th Street, Suite 620, Austin, TX 78701.

**JURISDICTION AND VENUE**

3. The court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff is a citizen of Texas. Defendant is a corporation incorporated under the laws of Florida and is authorized and does business throughout the state of Texas.

4. Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in this judicial district, Wharton County, Texas.

## FACTS

5. Plaintiff is an African American female.

6. Plaintiff worked for Defendant at the El Campo work site from October 24, 2023, to December 7, 2023. During her employment she made harassment complaints to Defendant through top members of Defendant's management and its Human Resources ("HR"). However, Plaintiff's hostile work environment complaints were ignored and she was ultimately terminated.

7. The harassment Plaintiff had to endure during her employment began on November 14, 2023. Plaintiff had a flat tire and she needed to take her vehicle to a service shop. Plaintiff called her supervisor, Cody Lindt (Caucasian male), but there was no response. Therefore, Plaintiff called Mr. Lindt and was again ignored.

8. With no response, Plaintiff called and texted her Lead, Arlin Garcia. Mr. Garcia informed Plaintiff to stay home and take care of the tire situation. The following day, when Plaintiff reported to work, Supervisor Lindt, verbally gave her a warning for No Call No Show. Plaintiff tried to show her all of the text messages indicating she was not a No Call No Show. However, Plaintiff was ignored.

9. Plaintiff immediately went to the General Forman ("GF") (Caucasian male). The GF went to Supervisor Lindt who told the GF that he just did not want Plaintiff on his crew. Supervisor Lindt faced no consequence for his treatment of Plaintiff.

10. But the harassment did not stop there. Supervisor Lindt would ignore Plaintiff on the worksite and told other employees not to talk to her. Because Defendant did not step in and protect Plaintiff, the harassment escalated to the point that Supervisor Lindt physically assaulted Plaintiff.

11. On November 21, 2023, Supervisor Lindt walked by Plaintiff and physical brushed/body checked her. There was plenty of space in the area so that there was no reason for physical contact as people walked by each other. Plaintiff immediately reported the incident to the Construction Manager, James Brown (Caucasian male). Mr. Brown indicated HR would be notified.

12. A few days passed and Plaintiff was not contacted by HR. Plaintiff again complained to Mr. Brown. Mr. Brown indicated that HR Director, Jenn Barndt (Caucasian female) would contact her. Approximately a week later, Plaintiff had a missed call that appeared to be from Defendant. No message was left. Plaintiff called the number back and left a message. Again, there was no response.

13. Approximately two weeks had passed since the incident and Plaintiff had not been contacted by HR. At that point Plaintiff asked Mr. Brown for the HR Director's phone number. Mr. Brown responded that HR would be contacting her. Again, no response from HR.

14. A day or so later, Construction Manager Caleb Kuntz (Caucasian male) approached Plaintiff and asked about the physical contact incident. Plaintiff informed him of the situation. After this conversation, on December 6, 2023, Plaintiff reported to work and was informed she was being suspended. No explanation was given.

15. The following day Plaintiff was terminated over the phone. Again, no explanation was given. But it was clear Plaintiff was being retaliated against for making a harassment complaint. Instead of initiating an investigation into Plaintiff's complaints, Defendant took no corrective action.

## CAUSE OF ACTION – Title VII Race Discrimination

16. Plaintiff incorporates paragraphs 1 – 15.

17. Plaintiff claims that as a result of her being black/African American and because she engaged in a protected activity, she was treated different to other similarly situated employees.

18. This includes being treated differently than other employees who held the same

positions that Plaintiff held.

19. Defendant discriminated against Plaintiff in connection with the terms and conditions of employment and/or classified Plaintiff in a manner that would deprive her of a continued employment opportunity because of Plaintiff's race and national origin in violation of 42 U.S.C. Section 2000e (2)(a).

20. Defendant treated Plaintiff in a manner that deprived her of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

21. Plaintiff alleges that Defendant discriminated against her on the basis of race and/or national origin with malice or with reckless indifference to the statutory protected rights of Plaintiff in violation of 42 U.S.C. Section 2000e. Plaintiff is entitled to punitive damages.

## CAUSE OF ACTION - RETALIATION

22. Plaintiff incorporates paragraphs 1 – 20.

23. Title VII also prohibits an employer from retaliating against an individual who has participated in a protected activity. Complaining about unfair treatment and complaining of a hostile work environment is a protected activity.

24. Plaintiff complained of the unfair treatment that she was being subject to at the workplace. She complained of a hostile work environment. Plaintiff participated in a protected activity.

25. In response, Defendant retaliated against Plaintiff, by ignoring her, failing to conduct an investigation and/or any investigation was pretext to disguise discrimination, and ultimately terminating her employment.

26. Defendant's conduct is retaliatory and in violation of 42 U.S.C.A. § 2000e-3.

27. Defendant acted with malice or with reckless indifference to the statutory protected rights of Plaintiff in violation of 42 U.S.C.A. § 2000e-3. Plaintiff is entitled to punitive damages.

## CAUSE OF ACTION – 42 U.S.C. § 1981 – Race Discrimination and Retaliation

28. Plaintiff incorporates Paragraphs 1 – 27.

29. The described conduct that Defendant subjected Plaintiff to was because of Plaintiff's race in violation of 42 U.S.C. Section 1981.

30. Plaintiff participated in a protected activity and was subjected to adverse employment actions by Defendant, as outlined in Paragraphs 1 – 20. Plaintiff was ignored and ultimately terminated from employment. Defendant's conduct of subjecting Plaintiff to adverse employment actions constitutes retaliation in violation of 42 U.S.C. Section 1981.

31. Plaintiff alleges that Defendant discriminated against her due to her race with malice or with reckless indifference to the statutory protected rights of Plaintiff in violation of 42 U.S.C. Section 1981. Plaintiff is entitled to punitive damages.

32. Plaintiff alleges that Defendant retaliated against her with malice or with reckless indifference to the statutory protected rights of Plaintiff in violation of 42 U.S.C. Section 1981. Plaintiff is entitled to punitive damages.

## DAMAGES

33. Plaintiff is now suffering and will continue to suffer injury and monetary damages as a result of Defendant's unlawful practices unless this Court grants relief. Pursuant to Title VII and 42 U.S.C. Section 1981 Plaintiff is entitled to reasonable damages she has incurred as a result of Defendant's egregious conduct. These reasonable damages include:

   a. Compensatory damages;
   b. Past and future mental anguish;
   c. Past and future actual damages;
   d. Past and future economic damages;
   e. Back pay;
   f. Front pay;
   g. Exemplary damages;
   h. Attorney's fees;
   i. Court costs;
   j. Pre-judgment interest at the highest rate allowed by law;
   k. Post-judgment interest at the highest rate allowed by law; and
   l. All other relief to which Plaintiff is entitled.

## JURY DEMAND

34. Plaintiff demands a trial by jury. Plaintiff paid the Jury Fee upon filing of this Petition.

## CONCLUSION AND PRAYER

35. Plaintiff, Janllyn M. Barnes, requests that Defendant, Wanzek Construction, Inc., be cited to appear and answer, and that after final hearing on this matter, Plaintiff have judgment against Defendant for all actual damages outlined above, including punitive damages and post-judgment interest at the highest rates allowed by law, costs of court, and all other relief, both general and special, legal and equitable, to which Plaintiff is entitled.

Respectfully submitted,

**Thomson Dunkel Law, PLLC**

By: */s/ Charles P. Dunkel, Jr.*
    Charles P. Dunkel, Jr.
Attorney-In-Charge
State Bar No. 24034427
    Ashley N. Joyner
State Bar No. 24097908
2600 South Shore Blvd, STE 300
League City, TX  77573
Telephone: 281.738.3448
Email: *cdunkel@tdunklaw.com*
Email: *athomson@tdunklaw.com*
**ATTORNEYS FOR PLAINTIFF**